## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST and JOHN FULTZ as a Fiduciary of the BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>ABACUS PROJECT MANAGEMENT INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:19-cv-_____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Boilermaker-Blacksmith National Pension Trust (the "Pension Fund") and John Fultz as a fiduciary of the Boilermaker-Blacksmith National Pension Trust (collectively the "Plaintiffs"), by their counsel, Tucker Arensberg, P.C., file the following Complaint against Defendant Abacus Project Management Inc. ("Abacus"):

## REQUEST FOR PLACE OF TRIAL

1. Pursuant to District of Kansas Rule 40.2, the Plaintiffs request that trial be held in Kansas City, Kansas.

## NATURE OF THE ACTION

2. Plaintiffs bring this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381–1405 and 1451, to compel Defendant Abacus, a former contributing employer, and any current or former members of Abacus' controlled group, to pay withdrawal liability.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502(e) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(c).

4. Venue lies in this district under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Pension Fund is administered in this district.

## PARTIES

5. Plaintiff Pension Fund is a multi-employer employee benefit pension plan within the meaning of 29 U.S.C. §§ 1002(3) and 1002(37) that has been established pursuant to Section 302(c)(5) of the Labor Management Relations Act ("Taft-Hartley Act"), 29 U.S.C. § 186(c)(5), and maintains its principal place of business at 754 Minnesota Avenue, Kansas City, Kansas 66101.

6. The Pension Fund is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

7. Plaintiff John Fultz is a fiduciary of the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. The Pension Fund is administered within this judicial District.

9. Upon information and belief, Defendant Abacus is an Arizona corporation which, at all relevant times, maintained its principal place of business at 3030 North Central Avenue, Suite 803, Phoenix, Arizona 85012.

## BACKGROUND

10. At all relevant times, the Pension Fund was a third-party beneficiary to at least one collective bargaining agreement between Abacus and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers of America ("IBB") (the "Agreements").

11. Under the Agreements, Defendant Abacus was obligated to report and submit contributions for the hours of covered work performed by its IBB employees to the Pension Fund.

12. The Pension Fund determined that Defendant Abacus completely withdrew from the Pension Fund under Section 4203(a) of ERISA, 29 U.S.C. § 1383(a), in December 31, 2015 when it permanently ceased all covered operations under the Agreements and that the amount of withdrawal liability attributable to Defendant Abacus is $45,231.00.

13. In accordance with Sections 4202 and 4219 of ERISA, 29 U.S.C. §§ 1382 and 1399, the Pension Fund sent Defendant Abacus a Withdrawal Liability Notice and Demand letter dated January 9, 2019 (the "Demand Letter"), attached as **Exhibit A**, stating that:

   a. Defendant Abacus triggered a complete withdrawal from the Pension Fund, within the meaning of Section 4203 of ERISA, 29 U.S.C. § 1383;

   b. The amount of withdrawal liability attributable to Defendant Abacus is $45,231.00;

   c. Defendant Abacus could discharge its withdrawal liability by making either (i) a lump-sum payment to the Pension Fund in the amount of $45,231.00; or (ii) three equal monthly payments of $13,853.06, followed by a final monthly payment of $3,921.04; and

   d. Defendant Abacus' first payment was due within 60 days from Defendant Abacus' receipt of the Demand Letter (*i.e.*, on or before March 11, 2019).

14. Defendant Abacus failed to make its first monthly payment under the schedule contained in the Demand Letter by March 11, 2019.

15. By letter dated March 13, 2019, attached as **Exhibit B**, the Pension Fund notified Defendant Abacus that it had failed to make the payment to the Pension Fund required by the Demand Letter, and, if such failure was not cured within 60 days (*i.e.*, on or before May 13, 2019), the Pension Fund would file a federal lawsuit to collect the withdrawal liability, plus all accrued interest, attorneys' fees, liquidated damages, and costs.

16. Defendant Abacus failed to cure its delinquency on or before the May 13, 2019 deadline.

17. Defendant Abacus' failure to cure constitutes a default pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1339(c)(5)(A), entitling the Pension Fund to immediate payment of the total amount of Abacus' withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made.

18. Furthermore, Defendant Abacus did not serve a Request for Review under Section 4129(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), within 90 days of its receipt of the Demand Letter (*i.e.*, on or before April 9, 2019).

19. Defendant Abacus has therefore waived its right to dispute the Pension Fund's assessment of withdrawal liability through the mandatory arbitration procedure under Section 4221 of ERISA, 29 U.S.C. § 1401.

20. In addition to the $45,231.00 in principal withdrawal liability, the Pension Fund is entitled to recover the following mandatory damages pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2):

    a. interest at the rate provided in the Pension Fund's Trust Agreement;

    b. the greater of (i) the same amount of interest in the preceding paragraph (*i.e.,* a "double interest" penalty), or liquidated damages under the Pension Fund's Trust Agreement; and

    c. reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs Boilermaker-Blacksmith National Pension Trust and John Fultz, as a fiduciary of the Boilermaker-Blacksmith National Pension Trust, demand judgment against Defendant Abacus for withdrawal liability in the amount of $45,231.00, plus accrued interest, the greater amount of interest or liquidated damages, and reasonable attorneys' fees and costs incurred by the Pension Fund.

                                            Respectfully submitted,

                                            TUCKER ARENSBERG, P.C.

                                            */s/ Neil J. Gregorio*
                                            Neil J. Gregorio, Esquire
                                            KS ID No. 28000

PA ID No. 90859
ngregorio@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA  15222
(412) 566-1212

Counsel for the Plaintiffs, Boilermaker-Blacksmith National Pension Trust and John Fultz as a Fiduciary of the Boilermaker-Blacksmith National Pension Trust

TADMS:5157794-4 032403-182322